POPE *v.* STATE.

No. 41911          April 3, 1961          128 So. 2d 379

700

*Laurel G. Weir*, Philadelphia, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

The appellant, Leo Pope, was tried and convicted under an indictment charging that he and another "did wilfully, unlawfully and feloniously have in their possession an integral part of a distillery, commonly called a still."

The officers, including E. G. Barnett, Sheriff of Neshoba County, Richard Willis, a policeman of the City of Philadelphia, Mississippi, Jack Warner, Sheriff of Winston County and John Stewart, a deputy sheriff, all testified that they found only 20 or 21 barrels of working mash, a 55 gallon drum and another drum "setting over the burner under the drum they (the defendants) were cooking it in;" that they found a condenser; that "it comes through here, hits the cold water and condenses." And when one of the officers was asked, "Where did the liquor run off?", he answered: "There's a spout right here in the bottom where it can run out at. This (spout) stuck out the edge of the barrel." The officer was then asked: "Now, is that instrument that you have in your hand, that condenser, is that a necessary part of a still?"

A. "They say you have to have it." We think that it is to be assumed that the sheriff was inexperienced at making "moonshine whiskey", and hence gave the hearsay answer as to the condenser's being a necessary part of a still, but there was no objection made to this hearsay answer, and there was no motion to exclude it. See Citizens Bank of Hattiesburg v. Miller, 194 Miss. 557, 11 So. 2d 457.

The Sheriff of Neshoba County was further asked: " * * * was that a distillery you found down there, commonly called a still?" A. "Yes, sir." Q. "Now, state whether or not there was any liquor at the still." A. "There was. There were two gallon jugs there and each one was about half full. Then there was a trail leading back up from the still, we followed that trail a bit and found 62 gallons." Q. "What kind of liquor was it?" A. "Moonshine, covered up with grass and leaves."

This sheriff further testified that he and some of the other officers waited at the still from about 3:30 a.m. until about 11:00 or 11:30 a.m. until the appellant Pope appeared at the scene, checked the barrels of mash, put something into them, after raising up the barrel tops where the mash was working, and then "turned on a butane burner there, I imagine to see how much was in the bottle. There was an extra bottle, empty, laying there on the ground by it and * * *. When he saw us, he tried to crank up the car and run off, but he didn't make it."

The officers also found "quite a bit of sugar" and a great number of empty and full bottles and jugs of moonshine and these were all of the circumstances which could have indicated in the slightest degree that someone had been operating a still at the scene, and that that person was the appellant, Leo Pope, since he came to the still while the officers were waiting and exercised acts of ownership and control over the ingredients and containers which were used in the operation of the still.

The appellant testified as a witness in his behalf at the trial, and explained that someone had stolen two of his empty butane bottles and that he had followed a trail to this faraway place in the woods in a search for these containers and that it just so happened that the officers arrested him at the still while he was trying to find his stolen butane bottles.

But the jury perhaps failed to reconcile his action in lifting the mash barrel tops, checking the barrels of mash at the scene of the still, about 2 or 2½ miles in the woods from where he lived, with his claim that he just chanced to be following a trail and got arrested when he stumbled upon the still.

Finally, the appellant complains that the instruction for the State only required the jury to believe from the evidence beyond a reasonable doubt that the accused ''wilfully and feloniously'' had in his possession an integral part of a distillery instead of ''did wilfully, unlawfully and feloniously'' as charged in the indictment. But we are unable to see how one could ''wilfully and feloniously'' do an act without doing it unlawfully.

The judgment and sentence appealed from must therefore be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.